IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SYLVIA POU**                                                                                                                       **PLAINTIFF**

**v.**                                                                                                            **CAUSE NO. 3:13-CV-916-CWR-FKB**

**NESHOBA COUNTY GENERAL HOSPITAL**                            **DEFENDANT**
**NURSING HOME**

## ORDER GRANTING SUMMARY JUDGMENT

This cause is before the Court on Neshoba County General Hospital Nursing Home's (NCGH) Motion for Summary Judgment. Docket No. 67. Plaintiff Sylvia Pou responded in opposition, Docket No. 71, to which the Defendant rebutted, Docket No. 75. The matter is ready for review. After considering the arguments and applicable authorities, the motion for summary judgment will be GRANTED.

    I.     *Factual and Procedural History*

On April 10, 2010, Plaintiff filed a charge of retaliation with the Equal Employment Opportunity Commission (EEOC), asserting that her employer, NCGH, terminated[1] her because she complained of race discrimination. Pl. EEOC Charge, Exhibit N, Docket No. 71. The EEOC issued its Determination Letter concluding that there was "reasonable cause to believe that Charging Party was terminated for her opposition to race discrimination." Docket No. 71-5, Exhibit "E." On December 20, 2011, the United States Department of Justice (DOJ) issued a right-to-sue letter and sent it via certified mail to the address provided to it by Plaintiff—her post office box.[2] *See* Pl.'s EEOC Compl., Docket No. 67-21, Exhibit "U"; Docket No. 1, at 6; Pl.'s

---

[1]     Pou was officially terminated on March 17, 2010. Docket No. 67-16.

[2]     The Department of Justice was responsible for issuing the right-to-sue letter because the respondent is a political subdivision. *See* 29 CFR § 1601.28(d)(1).

Dep., Docket No. 71-1, at 284. The post office attempted to deliver the right-to-sue letter three times: December 24, 2011; December 29, 2011; and January 8, 2012. *See* Docket No. 68, at 15; Docket No. 67-20, at 7; Pl's Dep., Docket No. 67-23, at 237-38. Plaintiff, however, does not remember the exact date on which she came into possession of the letter.[3] Pl.'s Dep., Docket No. 67-23, at 238.

On April 6, 2012, Plaintiff filed this suit against NCGH alleging unlawful retaliation under Title VII. Subsequently, she amended her lawsuit asserting allegations of racial discrimination, hostile work environment, as well as various state law claims. Pl's Amend. Compl., Docket No. 2. At the close of discovery, NCGH filed the instant motion for summary judgment.

II. *Discussion*

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When confronted with these motions, the Court focuses on "genuine" disputes of "material" facts. A dispute is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party." *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A party must establish the presence, or absence, of fact disputes by "citing to particular parts of materials in the record" that would constitute admissible evidence at trial. Fed. R. Civ. P. 56(c)(1)(A). The Court will "view the evidence and draw reasonable inferences in the light most favorable to the non-movant," *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citations omitted), but unsubstantiated assertions are not competent summary judgment evidence, *Forsyth v. Barr,* 19 F.3d at 1527,

---

[3] Pou admitted that she did not visit her post office box frequently. Pl.'s Dep., Docket No. 67-23, at 75.

1537 (5th Cir. 1994).

Defendant first contends that Pou's Title VII claims should be dismissed because Pou did not file her complaint within ninety days of receipt of the right-to-sue letter from the EEOC, as required by 42 U.S.C. § 2000e-5(f)(1). Plaintiff has not rebutted this contention, and the Court is compelled to agree with the Defendant.

Title VII mandates that claimants must file suit ninety days after receiving a statutory notice of right to sue from the EEOC. *Bowers v. Potter*, 113 F. App'x 610, 612 (5th Cir. 2004) (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2000e-5(f) (1994))). This requirement is "strictly construed." *Id*. With regard to disputes over whether a claimant timely filed a Title VII claim within the ninety-day period, this Court has previously stated:

> When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from *three to seven days* after the letter was mailed. This is known as the 'presumption of receipt' doctrine. As stated by the Supreme Court, the rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed. The presumption of receipt may be applied after sufficient evidence that the letter was actually mailed. The presumption may also be rebutted by evidence of non-receipt.

*Ramirez v. L-3 Commc'ns Vertex Aerospace, LLC*, No. 3:11-CV-297-CWR-LRA, 2011 WL 6092436, at *3 (S.D. Miss. Dec. 7, 2011) (emphasis added) (internal citations and quotation marks omitted). The record shows that the DOJ mailed Plaintiff's letter to her address on December 20, 2011. Applying the longest presumption for day of receipt—that is, on December 27, 2011, seven days after the EEOC mailed the letter—Plaintiff's claim would be untimely because she would have had until March 26, 2012, to file her complaint. Plaintiff did not file this suit until April 6, 2012, which is, as Defendant correctly argues, outside the ninety-day

3

limitations period.

Plaintiff has not provided any evidence to rebut the presumption of receipt. Nor has Plaintiff demonstrated any legally justifiable reason for tolling the limitations period. In fact, Plaintiff ignores entirely Defendant's argument that her suit was untimely filed and simply does not address it. In Plaintiff's deposition, she testified that her complaint was timely filed. Pl.'s Dep., Docket No. 71-1, at 285-86. However, this conclusory allegation is not sufficient to preclude dismissal. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (holding that a Plaintiff's conclusory allegation that his suit was timely filed was insufficient to preclude dismissal for failing to file within the ninety-day period).

Even if Plaintiff did not retrieve the letter up from her post office box until some later date within the limitations period, her claim would still be untimely filed because the uncontested evidence shows that the letter was available to her on December 24, 2011, when the post office first attempted to deliver it. *See Espinoza v. Missouri Pac. R. Co.*, 754 F.2d 1247, 1249 (5th Cir. 1985) ("The statute does not establish the beginning of the ninety-day period as the date when the plaintiff 'receives' notice but starts the period at the 'giving of such notice.'"). That the letter was received at the address supplied to the EEOC by the claimant constitutes sufficient evidence of notification such that the statutory period was triggered. *Id*. Consequently, Plaintiff's federal claims are time-barred.[4]

---

[4] Even if the Court allowed the matter to proceed, as argued by the defendant, Pou would face insurmountable barriers to a favorable result. For example, the only claim Pou brought before the EEOC in her Charge of Discrimination was her claim that she had suffered unlawful retaliation. *See* Docket No. 67-21 ("I was fired from the job. . . I believe that the employer discriminated against me in violation of Title VII . . . by firing me because I complained about discrimination."). "Exhaustion serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved." *Lowe v. American Eurocopter, LLC*, No 1:10-cv-24, 2010 WL 5232523, *2 (N.D. Miss. Dec. 16, 2010). Construing her charge broadly, as the Court must, *see*, *Arich v. Dolan*, No. 3:11cv538, 2012 WL 2025202, at *4 (S.D. Miss. June 5, 2012), Pou's other claims of racial discrimination and hostile work environment would have to be dismissed because "[c]laims that are not brought before the EEOC for consideration and investigation by the EEOC cannot be considered by a district court." *Watson v. All-Star Chevrolet, Inc.*, No. 2:12cv134, 2012 WL 6022514, at *2 (N.D. Miss. Dec. 4, 2012) (citing *Dollis v. Rubin*, 77 F.3d

Although she has not urged them, Pou alleged certain state law claims, to wit: intentional infliction of emotional distress; wrongful discharge; breach of contract; and retaliatory discharge. Pl.'s Compl., Docket No. 1, at 4. With respect to the clams of emotional distress and wrongful discharge or any other claims which may be a violation of Mississippi tort law, since NCGH is a governmental entity, Pou must first prove that she has filed a notice of claim with the chief executive officer of the governmental entity. *Ratcliff-Sykes v. Mississippi Regional Housing Authority VI*, No. 3:11cv712, 2012 WL 5997441, at *2 n.1 (S.D. Miss. Nov. 30, 2012). *See also* Miss. Code Ann. §§ 11-46-7, 11-46-11 (2012). She has not provided such proof. Moreover, her claim of intentional infliction of emotional distress, to the extent that it is an appropriate claim, is barred by the one-year statute of limitations, *see Trustmark Nat'l Bank v. Meador*, 81 So.3d 1112, 1118 (Miss. 2012), and for the same reason her claim for breach of Pou's at-will employment contract is also barred. *McCool v. Coahoma Opportunities, Inc.*, 45 So. 3d 711, 715 (Miss.Ct.App. 2010) (citing Miss. Code Ann. § 15-1-29 (2012)).

III.    *Conclusion*

---

777, 781 (5th Cir. 1995), *abrogated in part on other grounds* by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2414 (2006)). *See also Soriano v. Neshoba County, Miss. Bd of Sup'rs*, No. 4:08cv68, 2011 WL 2532479, at * 8 (S.D. Miss. June 24, 2011) (citing *Preston v. Tex. Dep't of Family & Protective Servs.*, 222 Fed. App'x. 353, 357 (5th Cir. 2007)). "A court can confirm its interpretation of the plaintiff's charge of discrimination by looking to the actual scope of the EEOC's investigation, which is clearly pertinent to an exhaustion inquiry." *Arich*, 2012 WL 2025202, at *4 (quotation marks and citation omitted). Reviewing the Charge of Discrimination as well as the EEOC's Determination Letter, it is clear to the Court that the scope of the EEOC's investigation was limited to retaliation. See, e.g., Determination Letter, Docket No. 71-5 ("There is reason to believe that the nominal basis for the Charging Party's termination was actually a pretext for improper retaliation against her for opposition to racial discrimination . . . The record as a whole, revealed the proximity and time between the protected activity and the adverse action indicates that Charging Party was subjected to retaliatory action by Respondent.").

Pou also contends that she has brought a "parallel action" for unlawful retaliation and race discrimination under 42 U.S.C. § 1981. *See* Memo. of Auth. Supporting Pl's Resp. to Def.'s Mot. for Summ. Judg., at 12, Docket No. 72. Such a claim, however, would have to be dismissed. Absent from the Complaint and Amended Complaint is an assertion that Plaintiff is pursuing a § 1983 claim against the defendant. "[A] § 1981 action cannot be asserted, on its own, against a local government entity; instead, § 1983 is the sole provision for enforcing § 1981 against such defendant[]." *Lofton v. City of West Point*, Miss., No. 1:10cv282, 2012 WL 1135862, at *18 (N.D. Miss. Apr. 4, 2012). *See also Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458 (5th Cir. 2001) (holding that section 1983 provided the exclusive remedy for discrimination by persons acting under color of state law); *Aaron v. Town of Smithville*, Miss., No. 1:08cv198, 2009 WL 4730708, at *3 (N.D. Miss. Dec. 10, 2009) (because plaintiff failed to pursue a section 1983 claim against the governmental entity, the section 1981 race discrimination claim was dismissed).

Plaintiff's retaliation claim under Title VII was not filed timely, and she further failed to exhaust her administrative remedies as to her racial discrimination and hostile work environment claims. Moreover, state law claims are barred because she failed to comply with the notice provisions of the Mississippi Tort Claims Act, and all other state claims are barred by the one-year statute of limitation found in Miss. Code Ann. §§15-1-29 and 15-1-35. Therefore, this entire action is to be dismissed with prejudice.

A final judgment in accordance with this order will be entered on this day.

**SO ORDERED**, this the 14th day of February, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
